**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**SOUTHERN DISTRICT OF TEXAS**

Case number *(if known)* ____________ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Tasty Chick'n, LLC** | |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **KFC**<br>**Kentucky Fried Chicken**<br>**(no other dba or assumed names under this entity)** | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **87-2541743** | |
| 4. | **Debtor's address** | **Principal place of business**<br>**6201 W Plano Parkway, Suite 200, Plano, TX 75093**<br>Number, Street, City, State & ZIP Code<br>**Collin**<br>County | **Mailing address, if different from principal place of business**<br>P.O. Box, Number, Street, City, State & ZIP Code<br>**Location of principal assets, if different from principal place of business**<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **https://www.linkedin.com/company/tasty-chick-n-llc/** | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: | |

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**7225**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District ______ When ______ Case number ______
District ______ When ______ Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

- ☐ No
- ☒ Yes.

Debtor **See Rider 1** Relationship **Affiliate**
District **Southern District of Texas** When ______ Case number, if known ______

Debtor **Tasty Chick'n, LLC** Case number (*if known*)
Name

**11. Why is the case filed in *this district?***

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☒ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Tasty Chick'n, LLC** Case number (*if known*)
Name

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 16, 2026**
MM / DD / YYYY

✘ ***/s/ Thomas M. Scott***
Signature of authorized representative of debtor

**Thomas M. Scott**
Printed name

Title **President / CEO**

**18. Signature of attorney**

✘ ***/s/ Jason S. Brookner***
Signature of attorney for debtor

Date **November 16, 2026**
MM / DD / YYYY

**Jason S. Brookner**
Printed name

**Gray Reed**
Firm name

**1300 Post Oak Blvd., Suite 2000, Houston, TX 77056**
Number, Street, City, State & ZIP Code

Contact phone **(713) 986-7000** Email address **jbrookner@grayreed.com**

**24033684 TX**
Bar number and State

| **Fill in this information to identify the case:** | | |
|---|---|---|
| United States Bankruptcy Court for the: | | |
| **Southern** | District of | **Texas** (State) |
| Case number *(if known)*: | | Chapter **11** |

☐ Check if this is an amended filing

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Tasty Chick'n, LLC.

- VRE Tasty 7 Pack, LLC
- Tasty Chick'n, LLC
- Tasty Chick'n Southeast, LLC
- Tasty Chick'n Midwest, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Tasty Chick'n, LLC, | ) | Case No. 26-[____] (___) |
| | ) | |
| Debtor. | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Tasty Brands II, LP | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 69.62% |
| Tasty Brands II Blocker, LP | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 8.78% |
| Segel Investments, LLC | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 0.28% |
| Craig Faggen | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 0.16% |
| Ivan Faggen | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 0.28% |
| Thomas Scott | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 0.38% |
| Brian Buehler | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 0.14% |
| Michael Carroll | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 0.07% |
| Robert Rodriguez | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 0.16% |
| Neil Thompson | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 0.05% |
| Adam Greenway | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 0.08% |
| Tasty Fund Manager II, LLC | 10800 Midlothian Turnpike, Suite 128, Richmond, VA 23235 | 20.00% |

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Tasty Chick'n, LLC, | ) | Case No. 26-[____] (___) |
| Debtor. | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Tasty Brands II, LP | 69.62% |

| Fill in this information to identify the case: |
|---|
| Debtor name **Tasty Chick'n, LLC, *et al.*** |
| United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS** |
| Case number (if known): ____________ |

☐ Check if this is an amended filing

# Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders** **12/15**

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Tasty Restaurant Group LLC**<br>6201 W Plano Parkway, Suite 200<br>Plano, TX 75093 | P: (469) 895-4450; accounting@tastyrg.com | Vendor | | | | $5,041,524.55 |
| 2 | **McLane Foodservice, Inc.**<br>P.O. Box 847535<br>Dallas, TX 75284-7535 | P: (800) 726-5737; contact@mclaneco.com | Vendor | | | | $927,576.10 |
| 3 | **Brink's Capital LLC**<br>1801 Bayberry Ct.<br>Richmond, VA 23226 | Daniel Theriault, Managing Director<br>P: (804) 289-9600 | Vendor | Contingent, unliquidated, or disputed | | | $523,810.04 |
| 4 | **NNN Reit, LP**<br>450 S Orange Ave, Ste 900<br>Orlando, FL 32801 | Daniel Espinosa<br>P: 407-540-2711; ACH-Payments@nnnreit.com | Landlord | | | | $470,442.98 |
| 5 | **One System Pop**<br>P.O. Box 644361<br>Pittsburgh, PA 15264-4361 | President/General Counsel<br>P: (866) 532-5671; info@onesystems.com | Marketing | | | | $382,420.43 |
| 6 | **Institution Food House Inc**<br>PO Box 60163<br>Charlotte, NC 28260 | Brent King — Executive Vice President, General Counsel and Secretary, Performance Food Group<br>P: 800-800-6434; F: 843-656-7811 | Vendor | | | | $230,715.48 |
| 7 | **Restaurant Technologies, Inc.**<br>12962 Collections Ctr Dr<br>Chicago, IL 60693 | Diana Geseking — Chief Legal Officer<br>P: (888) 796-4997; customercare@rti-inc.com | Vendor | | | | $196,552.77 |
| 8 | **Duval County Tax Collector**<br>P.O. Box 44009<br>Jacksonville, FL 32231-4009 | Jim Overton<br>P: (904) 255-5700; taxcollector@coj.net | Taxing Jurisdiction | | | | $172,089.64 |
| 9 | **Whaley Foodservice, LLC**<br>PO Box 615<br>Lexington, SC 29071 | General Counsel<br>P: (803) 996-9900;<br>accountsreceivable@whaleyfoodservice.com | Vendor | | | | $144,426.03 |
| 10 | **Thomas Jeffrey Hunter**<br>226 Salters Creek Rd<br>Hampton, VA 23661 | Jeff Hunter — Founder, Hunter Mechanical LLC<br>office@huntermechanical.net | Vendor | | | | $142,616.90 |
| 11 | **Pro-Air Mechanical, Inc.**<br>285 N. US Hwy 17-92<br>Longwood, FL 32750 | Andrew Meadows — President<br>P: (407) 339-4333; clarify@proairmechanical.com | Vendor | | | | $140,847.22 |
| 12 | **Auston Mealer**<br>1865 Hwy 51 Bypass, Suite B<br>Dyerburg, TN 38024 | Auston Mealer — Owner and Head of Company<br>P: (731) 445-4380 | Vendor | | | | $134,548.05 |
| 13 | **Health Care Service Corporation**<br>Blue Cross Blue Shield of Texas<br>PO Box 650615<br>Dallas, TX 75265-0615 | Laura Klempay — Senior Vice President, Chief Legal Officer & Corporate Secretary<br>P: 972-766-6900; lklempay@hcsc.com | Employee Benefits | | | | $126,969.11 |
| 14 | **Ares Holdings LLC**<br>1045 S John Rodes Blvd<br>Melbourne, FL 32904 | Jennifer Stentz — Chief Executive Officer<br>ar@nextechna.com | Vendor | | | | $111,600.94 |

Debtor **Tasty Chick'n, LLC, *et al.*** Case number *(if known)*

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | **Bryan Edward Gibson**<br>DBA Bryan Edward Gibson<br>3128 Lauren Dr<br>Bartlett, TN 38133 | Bryan Edward Gibson<br>P: 901-484-8873; charlenetaylorriddles@gmail.com | Vendor | | | | $110,660.00 |
| 16 | **Ecolab Pest Elimination**<br>26252 Network Pl<br>Chicago, IL 60673-1262 | Jandeen Boone — Executive Vice President, General Counsel and Secretary<br>P: (800) 325-1671;<br>PestElim-CashReceipts@ecolab.com | Vendor | | | | $103,677.27 |
| 17 | **Cool It Now Inc**<br>7020 Harpers Dairy Loop<br>Bessemer, AL 35022 | Anthony McGowan — CEO/Owner<br>P: 205-999-7515; F: 205-426-0510;<br>jimmy@coolitnow.com; anthony@coolitnow.com | Vendor | | | | $102,725.00 |
| 18 | **Axis Portable Air LLC**<br>33 S 56th St, Suite 102<br>Chandler, AZ 85226 | David Walling — Chief Executive Officer<br>deanna.painter@westernbanks.com | Vendor | | | | $98,936.78 |
| 19 | **Davis Wright Tremaine LLP**<br>920 Fifth Avenue, Suite 300<br>Seattle, WA 98104-1610 | Jaime Drozd — Managing Partner<br>P: (206) 622-3150; info@dwt.com | Attorney | | | | $84,018.18 |
| 20 | **Riverpark LLC**<br>PO Box 6508<br>Malibu, CA 90264 | | Landlord | | | | $83,262.25 |
| 21 | **Julian G Lopatic**<br>290 Churchill Dr<br>Lynchburg, VA 24502 | Julian G Lopatic<br>P: 580-583-3909; julian@swiftfix.tech | Vendor | | | | $78,949.24 |
| 22 | **Refco Supply Knoxville, LLC**<br>2309 Mitchell St.<br>Knoxville, TN 37917 | Frank Tumazeh — President / Co-Owner<br>P: 865-249-7593; F: 865-281-3024 | Vendor | | | | $76,619.04 |
| 23 | **JRN Inc**<br>209 West 7th Street<br>Columbia, TN 38401 | Tracy Jones<br>P: 931-490-4795; Tracy.Jones@jrninc.com | Landlord | | | | $72,028.29 |
| 24 | **TFI LLC**<br>139 Southwest Drive<br>Jonesboro, AR 72401 | Chris Fowler<br>P: (870) 935-6032; cf@wfowler.com | Landlord | | | | $72,003.32 |
| 25 | **Ameriserve Commercial LLC**<br>PO Box 96613<br>Charlotte, NC 28296 | President/General Counsel<br>P: 866-446-4277; Info@ameriserve.com | Vendor | | | | $71,536.92 |
| 26 | **Lawnpro Inc**<br>113 Brights Ln<br>Gallatin, TN 37066 | Rick Donley — Principal<br>P: (615) 480-6393; support@lawnprosoftware.com | Vendor | | | | $64,050.00 |
| 27 | **Superior Mechanical Solutions**<br>227 Laxton Ln<br>Munford, TN 38058 | Robert Blank — Owner<br>P: (901) 462-1111;<br>Ben@superiormechsolutions.com | Vendor | | | | $61,698.20 |
| 28 | **Paradox Inc**<br>6330 E Thomas Rd, Suite 200<br>Scottsdale, AZ 85251 | Rich Sauer — Chief Legal Officer and Head of Corporate Affairs, Workday<br>P: (888) 283-5027 | Vendor | | | | $58,331.52 |
| 29 | **Splitrock Properties, LLC**<br>First Community Bank<br>630 Southwest Drive<br>Jonesboro, AR 72401 | Summer Holland<br>P: (541) 410-5127; info.allthree@gmail.com | Landlord | | | | $50,424.60 |
| 30 | **Parapet Studios LLC**<br>c/o Accounts Receivable<br>P.O. Box 791<br>Homedale, ID 83628 | David Gunderson — Founder / Owner / Managing Member<br>P: (888) 301-9191; sales@parapetstudios.com | Vendor | | | | $49,073.64 |

**Fill in this information to identify the case:**

Debtor name **Tasty Chick'n, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number (if known) ____________

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____________
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 16, 2026**

X ***/s/ Thomas M. Scott***
Signature of individual signing on behalf of debtor

**Thomas M. Scott**
Printed name

**President / CEO**
Position or relationship to debtor

**WRITTEN CONSENT OF TASTY CHICK'N, LLC, TASTY CHICK'N MIDWEST, LLC, TASTY CHICK'N SOUTHEAST, LLC, AND VRE TASTY 7 PACK, LLC**

November 12, 2026

The undersigned: (i) Tasty Fund Manager II, LLC, a Delaware limited liability company, in its capacity as the General Partner of Tasty Brands II, L.P., a Delaware limited partnership, in its capacity as the Managing Member of Tasty Chick'n, LLC, a Delaware limited liability company ("Tasty Chick'n"), acting pursuant to Sections 10.1 and 10.2 of the Limited Liability Company Operating Agreement of Tasty Chick'n, effective as of September 1, 2021 (the "Parent Agreement"); (ii) Tasty Chick'n, in its capacities as the sole Member and the Manager of each of Tasty Chick'n Midwest, LLC, a Delaware limited liability company ("Midwest"), and Tasty Chick'n Southeast, LLC, a Delaware limited liability company ("Southeast"), acting pursuant to Section 8.1 of the Limited Liability Company Agreement of each of Midwest and Southeast, each dated as of September 2, 2021 (each, a "Subsidiary Agreement"); and (iii) Tasty Chick'n, in its capacity as the sole Member of, and in conjunction with Thomas M. Scott in his capacity as the sole Manager of, VRE Tasty 7 Pack, LLC, a Texas limited liability company ("VRE" and together with Tasty Chick'n, Midwest, and Southeast, the "Companies" and each a "Company"), acting pursuant to Section 9(a) of the Amended and Restated Company Agreement of VRE (the "VRE Agreement" and, together with the Parent Agreement and Subsidiary Agreements, the "Operating Agreements" and each an "Operating Agreement") (the parties in clauses (i), (ii), and (iii), collectively, the "Authorizing Parties" and each an "Authorizing Party"), each acting solely with respect to the Company or Companies for which it is acting under the applicable Operating Agreement as described in clause (i), (ii), or (iii) above, hereby consent to the following actions and adopt the following resolutions with respect to each such Company, effective as set forth below, by written consent in lieu of a meeting:

WHEREAS, pursuant to the applicable Operating Agreement, each Authorizing Party has the authority to authorize and cause each of the Companies to file a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Authorizing Parties have determined, after due consideration and deliberation, that it is desirable and in the best interests of the Companies, their creditors, and other interested parties that the Companies file voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

NOW, THEREFORE, BE IT HEREBY

RESOLVED, that it is desirable and in the best interests of the Companies, their creditors, and other interested parties that each Company be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") (the cases commenced by such petitions, collectively, the "Chapter 11 Cases" and each a "Chapter 11 Case");

RESOLVED, that Thomas M. Scott (the "Authorized Signatory") be, and hereby is, authorized, empowered, and directed, in the name and on behalf of each Company, to execute, verify, deliver, and file or cause to be filed with the Bankruptcy Court the voluntary petitions commencing the Chapter 11 Cases and any amendments thereto, together with all schedules, lists, motions, papers, and other documents, and to take any and all action that the Authorized Signatory deems necessary or proper to obtain necessary relief in the Chapter 11 Cases;

RESOLVED, that the law firms of Gray Reed & McGraw LLP ("Gray Reed") and Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG") be, and each hereby is, employed as bankruptcy co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations in the Chapter 11 Cases; and in connection therewith, the Authorized Signatory is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed with the Bankruptcy Court appropriate applications for authority to retain the services of Gray Reed and LNBYG;

RESOLVED, that Province, LLC ("Province") be, and hereby is, employed as financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations in the Chapter 11 Cases; and in connection therewith, the Authorized Signatory is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed with the Bankruptcy Court appropriate applications for authority to retain the services of Province;

RESOLVED, that Peak Franchise Capital ("Peak") and GuideBoat Advisors ("GuideBoat") be, and each hereby is, employed as investment bankers to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations in the Chapter 11 Cases; and in connection therewith, the Authorized Signatory is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed with the Bankruptcy Court appropriate applications for authority to retain the services of Peak and GuideBoat;

RESOLVED, that Epiq Corporate Restructuring, LLC ("Epiq") be, and hereby is, employed as claims, noticing, and solicitation agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations in the Chapter 11 Cases; and in connection therewith, the Authorized Signatory is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed with the Bankruptcy Court appropriate applications for authority to retain the services of Epiq;

RESOLVED, that the Authorized Signatory be, and hereby is, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code, and in connection therewith, to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed with the Bankruptcy Court appropriate applications for authority to retain the services of such professionals;

RESOLVED, that the Authorized Signatory may delegate any of the authority conferred by these resolutions to any employees or agents (including counsel) of the Companies designated

or directed by the Authorized Signatory (each such designee, an "Authorized Designee" and, collectively, the "Authorized Designees" and, together with the Authorized Signatory, the "Authorized Persons"), and each Authorized Designee shall act within the scope of the authority so delegated and subject to the direction of the Authorized Signatory;

RESOLVED, that in connection with the Chapter 11 Cases and as may be necessary or appropriate, the Authorized Persons be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each Company and subject to any required approval of the Bankruptcy Court, to (a) borrow and/or receive funds and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"), (b) negotiate, execute, and deliver any and all agreements, instruments, and documents in connection with the Financing Transactions, including, without limitation, any debtor in possession financing agreement, with any party, including existing lenders and sureties, on such terms as may be approved by the Authorized Signatory as reasonably necessary for the continuing conduct of the affairs of the Companies, (c) incur and perform the obligations of each Company under the Financing Transactions, including the payment of related fees, and (d) grant security interests in and liens on some, all, or substantially all of each Company's assets, as may be deemed necessary by the Authorized Persons, to secure the obligations of each Company under the Financing Transactions;

RESOLVED, that in connection with the Chapter 11 Cases and as may be necessary or appropriate, the Authorized Persons be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each Company, to seek approval from the Bankruptcy Court of an order or orders, in interim and final form, authorizing the use of cash collateral (collectively, the "Cash Collateral Order"), and to negotiate, execute, and deliver any and all agreements, instruments, and documents necessary to implement the Cash Collateral Order, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 Cases, which agreements may require each Company to grant liens to its existing lenders, provide adequate protection, and incur related obligations, in each case as approved by the Bankruptcy Court;

RESOLVED, that in addition to the specific authorizations conferred by the foregoing resolutions, the Authorized Persons be, and each hereby is, authorized and empowered, in the name and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, and deliver any and all such agreements, certificates, instruments, and other documents, as may be necessary, advisable, or desirable to fully carry out and accomplish the purposes of these resolutions; and

RESOLVED, that any and all actions heretofore taken by any Authorized Person or the Authorizing Parties in the name and on behalf of any Company in furtherance of any or all of the foregoing resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

IN WITNESS WHEREOF, the undersigned, being the Authorizing Parties, have executed this written consent as of the date first above written.

**VRE TASTY 7 PACK, LLC**

By: ______________________
Thomas M. Scott, Sole Manager

**And consented to by:**
By: Tasty Chick'n, LLC, a Delaware limited liability company, as its sole Member

By: Tasty Brands II, L.P., a Delaware limited partnership, as Managing Member of Tasty Chick'n, LLC

By: Tasty Fund Manager II, LLC, its General Partner

By: ______________________
Thomas M. Scott, [President]

**TASTY CHICK'N SOUTHEAST, LLC**

By: Tasty Chick'n, LLC, a Delaware limited liability company, as sole Member and Manager

By: Tasty Brands II, L.P., a Delaware limited partnership, as Managing Member of Tasty Chick'n, LLC

By: Tasty Fund Manager II, LLC, its General Partner

By: ______________________
Thomas M. Scott, [President]

[*Additional signatures follow*]

**TASTY CHICK'N MIDWEST, LLC**

By: Tasty Chick'n, LLC, a Delaware limited liability company, as sole Member and Manager

By: Tasty Brands II, L.P., a Delaware limited partnership, as Managing Member of Tasty Chick'n, LLC

By: Tasty Fund Manager II, LLC, its General Partner

By: ______________________
Thomas M. Scott, [President]

**TASTY CHICK'N, LLC**

By: Tasty Brands II, L.P., a Delaware limited partnership, as Managing Member of Tasty Chick'n, LLC

By: Tasty Fund Manager II, LLC, its General Partner

By: ______________________
Thomas M. Scott, [President]