**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TASTY CHICK'N, LLC, *et al.*,[1] | § | Case No. 26-90831 (CML) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |

# DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) THE REJECTION OF CERTAIN LEASES, (B) THE REJECTION OF CERTAIN AGREEMENTS, AND (C) THE ABANDONMENT OF CERTAIN PROPERTY; AND (II) GRANTING RELATED RELIEF

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 11:30 A.M. (PREVAILING CENTRAL TIME) ON NOVEMBER 17, 2026.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 17, 2026, AT 11:30 A.M. (PREVAILING CENTRAL TIME) IN COURTROOM 402, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE CODE. JUDGE LOPEZ'S CONFERENCE CODE IS 590153. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOMEPAGE. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOMEPAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/TastyChickn. The Debtors' address for service in these chapter 11 cases is Tasty Restaurant Group, 6201 W Plano Parkway, Suite 200, Plano, TX 75093.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):[2]

## Relief Requested

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") (i) authorizing (a) the rejection of certain of their prepetition unexpired leases of nonresidential real property set forth on Exhibit 1 to the Order, (b) the rejection of certain franchise agreements set forth on Exhibit 2 to the Order, and (c) the abandonment of the Debtors' interest in any *de minimis* equipment, furniture, and other personal property; and (ii) granting related relief.

## Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this is a core matter pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 9013-1 of the Local Rules for the Southern District of Texas (the "Local Rules"), and Section G of the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

## Background

5. As of the Petition Date, the Debtors own and/or operate 75 KFC and 9 KFC/Taco Bell co-branded restaurants across 10 states, excluding the restaurants previously operated on the

[2] Capitalized terms used but not yet defined herein shall have the meanings ascribed to them in this Motion or in the First Day Declaration, as applicable.

premises subject to this Motion. Located primarily in the Southeast and Midwest United States, the Debtors operate their restaurants pursuant to franchise agreements with KFC and Taco Bell under the Yum! brands umbrella. Non-Debtor Tasty Restaurant Group, LLC, a multi-brand quick-service restaurant operator, provides back-office and management services to the Debtors.

6. On November 16, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committee has been appointed.

7. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in the *Declaration of Thomas M. Scott, President and CEO, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

**The Debtors' Unexpired Leases**

8. By this Motion, the Debtors, in a good-faith exercise of their business judgment, have determined to reject the leases (or subleases) listed on Exhibit 1 to the Order (each, a "Lease" and collectively, the "Leases") because the costs of the Leases exceed any marginal benefits that could potentially be achieved from seeking assignments of such Leases. The Leases are at the Debtors' franchise locations—restaurants that are either not profitable, are no longer operating, or are in the process of winding down operations. For 2025, prior to the proposed rejection of the Leases, the Debtors incurred approximately $1,196,254.00 per month to lease

their store locations. If rejection of the Leases as of the Petition Date is approved, the Debtors' monthly store rental obligations will be reduced to approximately $890,000.00. Given that the restaurants governed by these Leases are either already shut down prepetition or are winding down business and will no longer be operating postpetition, there is no benefit to the Debtors' estates, creditors, or parties in interest in maintaining such Leases.

9. Before the Petition Date, the Debtors notified each affected landlord in writing, by e-mail, or by telephone of their unequivocal and irrevocable decision to surrender the premises and property and turn over keys, key codes, and security codes, if any, to each affected landlord, providing the landlords with the opportunity to mitigate any rejection damages arising from the rejection of the applicable Lease.[3] This Motion shall serve as further notice to reiterate the Debtors' immediate surrender of the premises pursuant to the terms of each Lease listed in Exhibit 1 to the Order, effective as of the Petition Date. Accordingly, to reduce postpetition administrative costs, and in the exercise of their sound business judgment, the Debtors have determined that rejecting the Leases, effective as of the Petition Date, is in the best interests of the Debtors, their estates, and their creditors.

10. The Debtors do not believe that they own any valuable property remaining on the premises for the Leases to be rejected by this Motion. To the extent there is any personal property remaining on the premises, the Debtors seek to abandon such property.[4] The Debtors have determined that the subject property is of inconsequential value to the estates, or that the cost of removing and storing such property outweighs any potential benefit of retaining such

[3] For certain Leases, the Debtors installed a lockbox for the keys and provided access information to the affected landlords.

[4] Notwithstanding the foregoing, the Debtors do not seek the immediate abandonment of equipment and other personal property owned, leased, or secured by certain secured parties which may still be located on the premises for some of the Leases, including (i) the cooking oil systems of Restaurant Technologies Inc.; (ii) any Pepsi machines; (iii) Airgas CO2 cylinders; and (iv) Brink's Capital LLC Smartsafes. Such parties are directed to review Paragraphs 8–9 of the Order regarding their rights to retrieve such property.

property. Accordingly, to reduce postpetition administrative costs and, in the exercise of their sound business judgment, the Debtors believe that the abandonment of their property that may be located at each of the premises, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.

**The Debtors' Agreements**

11. The Debtors are party to certain franchise and license agreements (each, a "Franchise Agreement" and collectively, the "Franchise Agreements") with KFC US, LLC ("KFC") and/or Taco Bell Franchisor, LLC ("Taco Bell" and, together with KFC, the "Yum! Parties"), as applicable. Each restaurant location has its own Franchise Agreement, under which KFC or Taco Bell, as applicable, grants a license to use and operate under the KFC brand or, for co-branded Restaurants, the KFC and Taco Bell brands. The Franchise Agreements are more fully described in the First Day Declaration filed contemporaneously herewith.

12. The Debtors have determined, in an exercise of their business judgment, to reject nine (9) Franchise Agreements listed on Exhibit 2 to the Order (collectively, the "Agreements"), each of which relates to a restaurant location subject to a Lease to be rejected by the Motion.[5] As already set forth above, these restaurant locations either already shut down prepetition or are winding down business and will no longer be operating postpetition.

13. Subject to the reservation of rights of the Yum! Parties, the Debtors assert the Agreements constitute executory contracts pursuant to section 365 of the Bankruptcy Code. The Debtors have determined in a good-faith exercise of their business judgment (a) to reject the

[5] As more fully set forth in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (IV) Modifying the Automatic Stay, (V) Scheduling Final Hearing, and (VI) Granting Related Relief* and proposed interim order, filed contemporaneously herewith, the rejection of these Agreements is a condition of borrowing.

Agreements as of the date of the Petition Date and (b) that the costs of the Agreements exceed any marginal benefits that could potentially be achieved otherwise.

14. Accordingly, in an effort to reduce postpetition administrative costs, and in the exercise of their sound business judgment, the Debtors have determined that rejecting the Agreements, effective as of the date of the Petition Date, is in the best interests of the Debtors, their estates, and their creditors.

## Basis for Requested Relief

### I. The Rejection of the Leases and Agreements Is in the Best Interests of the Debtors' Estates.

15. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval. 11 U.S.C. § 365(a). Courts generally authorize debtors to assume or reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment." *See, e.g.*, *In re Senior Care Centers, LLC*, 607 B.R. 580, 587 (Bankr. N.D. Tex. 2019) ("A court evaluates whether a lease should be assumed or rejected employing the business judgment standard.") (citation omitted); *see also Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (stating that "[i]t is well established that 'the question whether a lease should be rejected . . . is one of business judgment'") (citation omitted).

16. The Debtors have determined, in their sound business judgment, that rejection of the Leases set forth on Exhibit 1 attached to the Order is central to the Debtors' reorganization process. The Debtors have carefully reviewed the revenues generated and expenses incurred at the leased premises and determined, in their business judgment, that the Leases are not necessary to an effective reorganization of the Debtors' business. In the sound exercise of their business

judgment, the Debtors have determined that the rejection of the Leases is in the best interests of their estates and creditors.

17. Similarly, the Debtors have reviewed the Franchise Agreements and determined, in their sound business judgment, that the rejection of the nine (9) Agreements is critical to maximizing the value of their estates. The Debtors submit that the rejection of the Agreements as of the Petition Date is in the best interests of the estates and creditors.

**II. Retroactive Effective Relief Is Appropriate.**

18. Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively. In the Fifth Circuit, the general rule is that the effective date of rejection is the date of entry of the court order rejecting the leases. *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (citations omitted). However, courts have held that bankruptcy courts may retroactively reject executory contracts and unexpired leases based on a "balancing-of-the-equities" standard. *See, e.g.*, *Cafeteria Operators*, 299 B.R. at 394 (explaining that "nothing precludes a bankruptcy court, based on the equities of the case, from approving the . . . rejection of a non-residential real property lease retroactively to an earlier date" and granting retroactive relief for lease rejection where debtors were "receiving no benefit" from the lease and the lease counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the [motions to reject the leases]"); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection and holding that a court may grant retroactive relief "where the equities of a case warrant, the court has the power to grant the rejection retroactively").

19. Here, the balance of equities favors the rejection of the Leases and Agreements effective as of the Petition Date. Without such relief, the Debtors would potentially incur

unnecessary administrative expenses. *See* 11 U.S.C. § 365(d)(3). As for the Leases, the landlords will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date—possession of the premises was delivered to each respective landlord on, or prior to, the Petition Date with an unequivocal and irrevocable statement of surrender and abandonment of the premises to such landlord. Further, by this Motion, the landlords are receiving notice of the Debtors' intention to reject the Leases and tender immediate possession of the applicable premises. In the event the Debtors are unable to turn over possession of a particular premises before the Petition Date, as anticipated, the effective date of the rejection of such Lease should nonetheless be effective on the Petition Date in light of the notice provided hereunder. Additionally, the Yum! Parties have been notified of the relief requested herein, and language has been incorporated in the Order reserving certain rights on behalf of the Yum! Parties. The Yum! Parties will not be unduly prejudiced by rejection of the Agreements effective as of the Petition Date.

20. The Debtors will cause notice of this Motion to be served on the affected landlords and the Yum! Parties, thereby allowing each party sufficient opportunity to respond accordingly. The Debtors have sought the relief requested as soon as possible in these chapter 11 cases and do not seek to reject the Leases or Agreements effective as of the Petition Date due to any undue delay on their own part. Accordingly, the Debtors respectfully request that the Court deem the Leases and Agreements identified on Exhibits 1 and 2 to the Order, respectively, rejected effective as of the Petition Date.

**III. Abandonment of Personal Property Is in the Best Interests of the Debtors' Estates.**

21. Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Any property of the

Debtors to be abandoned at the premises of certain Leases would be burdensome or of inconsequential value and benefit to the Debtors' estates, and the cost of retrieving, marketing, and reselling such abandoned property would outweigh any recovery the Debtors could obtain for such property. Accordingly, the abandonment of such property is in the best interests of the Debtors, their estates, and their creditors, and parties in interest will have sufficient notice of such abandonment.[6]

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

22. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## Bankruptcy Rules 6006 and 6007(a)

23. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rules 6006(c)&(f) and 6007(a).

## Reservation of Rights

24. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement,

[6] Notwithstanding anything to the contrary herein, the Debtors shall make reasonable efforts to coordinate with landlords for removal of MidCap Financial Investment Corp.'s collateral.

contract, or lease pursuant to section 365 of the Bankruptcy Code except as expressly set forth in this Motion; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

**Notice**

25. The Debtors will provide notice of this Motion to the following parties or their counsel: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to MidCap Financial Investment Corp.; (d) counsel to the Yum! Parties; (e) the landlords under the Leases; (f) Brink's Capital LLC, Restaurant Technologies Inc., Airgas, and Pepsi; (g) the United States Attorney's Office for the Southern District of Texas; (h) the Internal Revenue Service; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is needed.

[*Remainder of this page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 16th day of November, 2026.

**GRAY REED**

By: */s/ Jason S. Brookner*
Jason S. Brookner
TX Bar No. 24033684
Lydia R. Webb
TX Bar No. 24083758
Emily F. Shanks
TX Bar No. 24110350
Parker G. Embry
TX Bar No. 24126826
1300 Post Oak Blvd., Suite 2000
Houston, TX 77056
Telephone: (713) 986-7000
Email: jbrookner@grayreed.com
lwebb@grayreed.com
eshanks@grayreed.com
pembry@grayreed.com

- and -

**LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
Ron Bender (*pro hac vice* pending)
2818 La Cienega Ave.
Los Angeles, CA 90034
Telephone: (310) 229-1234
Email: rb@lnbyg.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on November 16, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner

# Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TASTY CHICK'N, LLC, *et al.*,[1] | § | Case No. 26-90831 (CML) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |
| | § | **Re: Docket No. ___** |

**ORDER (I) AUTHORIZING (A) THE REJECTION OF CERTAIN LEASES, (B) THE REJECTION OF CERTAIN AGREEMENTS, AND (C) THE ABANDONMENT OF CERTAIN PROPERTY, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing (a) the rejection of certain Leases set forth on **Exhibit 1** hereto, (b) the rejection of certain Agreements set forth on **Exhibit 2** hereto, (c) the abandonment of the Debtors' interest in any *de minimis* equipment, furniture, and other personal property, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/TastyChickn. The Debtors' address for service in these chapter 11 cases is Tasty Restaurant Group, 6201 W Plano Parkway, Suite 200, Plano, TX 75093.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on such Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Leases set forth on **Exhibit 1** hereto are rejected effective as of the Petition Date.

3. The Agreements set forth on **Exhibit 2** hereto are rejected effective as of the Petition Date.

4. Subject to Paragraphs 8 and 9 below, the Debtors are authorized to abandon their interest in property, if any, that may be located at the premises and all such property is deemed abandoned effective as of the Petition Date.

5. Approval of this Order will not prevent the Debtors from seeking to assume or reject an executory contract or unexpired lease by separate motion or pursuant to a chapter 11 plan.

6. Claims arising out of the rejection of the Leases and Agreements, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases and (ii) thirty (30) days after the later of (A) the effective date of the rejection and (B) the date of entry of an order rejecting the lease or agreement (the "Rejection Bar Date"). If no proof of claim is timely filed by the Rejection Bar Date, such claimant shall be forever

barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases.

7. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an executory contract or lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular executory contract or lease is terminated and is no longer an executory contract or unexpired lease, respectively.

8. Notwithstanding anything to the contrary in the Motion or this Order, abandonment of any property under paragraph 4 of this Order (the "Abandoned Property") is subject to any valid, perfected, and unavoidable liens or security interests held by MidCap Financial Investment Corp. ("MidCap") or any other secured creditor, including any holder of a purchase money security interest (each, a "Secured Party"). Any such lien or security interest held by a Secured Party shall continue to attach to the Abandoned Property in the same validity, extent, and priority as existed immediately before the Petition Date and nothing in this Order shall impair, modify, or waive those rights. Notwithstanding anything to the contrary herein, the Debtors shall make reasonable efforts to coordinate with landlords, for removal of MidCap's collateral.

9. Any Secured Party may, within fourteen (14) days after entry of this Order (the "Retrieval Period"), coordinate directly with the applicable landlord to inspect, remove, or otherwise dispose of Abandoned Property in which it asserts a lien or security interest. The Secured Party shall bear the sole cost and risk of doing so, shall not interfere with the landlord's

possession or use of the premises, and remains liable to the landlord for any damage caused by its removal. The automatic stay, to the extent applicable, is modified to permit such actions. After the Retrieval Period expires, the applicable landlord may use or dispose of any remaining Abandoned Property without notice or liability to any party, including the Debtors and any Secured Party, and such property shall be free and clear of any lien or security interest of any Secured Party. Nothing in this paragraph alters the effective date of rejection of any Lease or of the surrender of any premises.

10. The Debtors are party to certain franchise and license agreements (collectively, the "Franchise Agreements") with KFC US, LLC ("KFC") and/or Taco Bell Franchisor, LLC ("Taco Bell" and, together with KFC, the "Yum! Parties"), as applicable. The Yum! Parties and the Debtors are also parties to that certain Relationship Agreement dated as of December 22, 2021 (as amended, the "Relationship Agreement"). Debtors Midwest and Southeast are also parties to those certain Advertising Agreements, dated December 23, 2021 (the "Advertising Agreements,") and certain technology agreements (the "Technology Agreements"), and together with the Franchise Agreements, the Relationship Agreement, and the Advertising Agreements, the "Yum! Parties Agreements" and any obligations arising under the Yum! Parties Agreements, the "Yum! Parties Obligations") with KFC National Council and Advertising Cooperative, Inc. The Yum! Parties assert that the Yum! Parties Agreements are integrated agreements that, to the extent not terminated prior to the Petition Date, must be assumed or rejected as a whole under section 365 of the Bankruptcy Code.

11. The Debtors and the Yum! Parties agree that for purposes of the Motion and the entry of this Order, all parties reserve all rights with respect to the integrated or non-integrated nature of the Yum! Parties Agreements implicated by the Agreements that the Debtors seek to

reject as part of the Motion. Nothing in the Motion, this Order or the relief granted in this Order shall be construed or deemed to be a finding, determination or adjudication by the Court regarding the integrated or non-integrated nature of the Yum! Parties Agreements. Nor shall anything in the Motion, this Order or the relief granted in this Order be construed or deemed to be, and none of it shall constitute, a finding, determination, or adjudication by this Court about: (a) the validity, amount, priority, allowance, or treatment of any claim the Yum! Parties assert arising from the rejection of any of the Franchise Agreements, including any claim under section 502(g) of the Bankruptcy Code (any such claim, a "Rejection Damages Claim"); (b) the effect, if any, of the Debtors' rejection of any of the Franchise Agreements on (i) any cure amount, cure claim, or other obligation under section 365(b) of the Bankruptcy Code connected to any later proposed assumption, or assumption and assignment, of any contract or agreement that the Yum! Parties assert is integrated with any of the Franchise Agreements, including the Relationship Agreement, the Technology Agreements and the Advertising Agreements, or (ii) whether any such contract or agreement may be assumed, or assumed and assigned, separately from any of the Franchise Agreements.

12. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any prepetition

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code except as expressly set forth in this Order; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on, property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection, or seek avoidance of, all such liens.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rules 6004(a), 6006(c)&(f), and 6007(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to, and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of approving the debtor in possession financing motion filed substantially contemporaneously with the Motion (collectively, the "DIP Orders") (and any permitted variances thereto), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders or Approved Budget (as defined in the DIP Orders). In the event of any inconsistency between the terms of this Order and the terms of the DIP Orders, the terms of the DIP Orders shall govern.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: ___________, 2026

______________________________________
Christopher M. López
United States Bankruptcy Judge

# <u>Exhibit 1</u>

## Rejected Leases

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| 101 Baldridge IL, LLC | Tasty Chick'n Midwest LLC | Store No. 518116 – 101 Baldridge Lane, Salem, IL 62881 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| 197 Madison Square KY, LLC | Tasty Chick'n Midwest LLC | Store No. 518111 – 197 Madison Square Drive, Madisonville, KY 42431 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| 2022 Lecanto Lecanto LLC | Tasty Chick'n Southeast LLC | Lecanto FL Site – North Novell Hwy & North Lecanto Hwy, Lecanto FL | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| 214 S.L. Rogers Wells KY, LLC | Tasty Chick'n Midwest LLC | Store No. 518135 – 214 South L. Rogers Wells Blvd., Glasgow, KY 42141 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| 257 Windsor, LLC | Tasty Chick'n Midwest LLC | Store No. 518017 – 4306 Summer Ave Memphis TN | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| 302 Hanson Ave LLC | Tasty Chick'n Southeast LLC | Store No. 518161 – 302 Hanson Ave, Fredericksburg, VA 22401 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| 3401 Orange LLC | Tasty Chick'n Southeast LLC | Store No. 518152 – 3401 Orange Avenue, Roanoke, VA 24012 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| 3rd Street Retail, LLC | Tasty Chick'n Midwest LLC | Store No. 518016 – 869 S. 3rd St., Memphis, TN 38106 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| 4057 Electric, LLC | Tasty Chick'n Southeast LLC | Store No. 518160 – 4057 Electric Rd, Roanoke, VA 24018 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| 44 East 1st Street Realty Corp. | Tasty Chick'n Southeast LLC | Store No. 518164 – 294 West Granada Avenue, Ormond Beach, FL 32174 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| 49, LLC | Tasty Chick'n Midwest LLC | Store No. 518132 – 1319 Murfreesboro Rd., Franklin, TN 37064 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| A&A Associates, LLP | Tasty Chick'n Southeast LLC | Store No. 518162 – 1800 West Main Street, Salem, VA 24153 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| Aerospace International Representatives LLC | Tasty Chick'n Midwest LLC | Store No. 518024 – 3623 Elvis Presley Blvd., Memphis, TN | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Bonnie K. Beck | Tasty Chick'n Southeast LLC | Store No. 518072 – 1254 Highway 431, Boaz, AL | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| CFT NV Developments, LLC | Tasty Chick'n Southeast LLC | Wildwood FL Site – 5071 Sundance Trail, Wildwood FL 34785 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Deborah Bone | Tasty Chick'n Midwest LLC | Store No. 518018 - 2452 Jackson Ave., Memphis, Tennessee 38108 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Edward W. Starkey Revocable Living Trust | Tasty Chick'n Southeast LLC | Store No. 518061 – 8761 Baymeadows Rd, Jacksonville FL 32256 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Eugene W. Katibah | Tasty Chick'n Southeast LLC | Store No. 518077 – 1909 North Main St, Jacksonville, FL 32206 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Ferreira Family Properties, LLC | Tasty Chick'n Southeast LLC | Store No. 518005 – 401 NW 4th Street, Walnut Ridge, AR 72476 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| FRANKLIN B. OLIVEIRA and HEATHER A. OLIVEIRA | Tasty Chick'n Midwest LLC | Store No. 518003 – 1212 S Perryville Blvd, Perryville, MO 63775 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| GREA Halls, LLC | Tasty Chick'n Midwest LLC | Store No. 518037 – 7228 Maynardville Pike, Knoxville TN 37918 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Hatcher-Hill Properties LLC | Tasty Chick'n Midwest LLC | Store No. 518081 – 7122 Kingston Pike, Knoxville, TN 37919 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| IGORKA, LLC | Tasty Chick'n Midwest LLC | Store No. 518117 – 8611 US 51 N, Millington, TN | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Iraida, LLC | Tasty Chick'n Southeast LLC | Store No. 518163 – 107 Cloverleaf Drive, Emporia, VA 23847 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| Jax Foods, LLC | Tasty Chick'n Southeast LLC | Parking Lot Lease – Store No. 518077 – 1921 N. Main St., Jacksonville, FL 32206 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Jax Foods, LLC | Tasty Chick'n Southeast LLC | Store No. 518079 – 76106 Sidney Place, Yulee FL 32097 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Joyce N. James | Tasty Chick'n Southeast LLC | Parking Lot Lease – Store No. 518096 – 15045 US-43, Russellville, AL 35653 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Kassamanian Family Trust | Tasty Chick'n Midwest LLC | Store No. 518099 – 1115 Paris Road, Mayfield, KY 42066 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Keller Williams Realty | Tasty Chick'n Midwest LLC | Store No. 518025 – 2256 Lamar Ave, Memphis, TN 38114 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| King Kohl Food Services, Inc. | Tasty Chick'n Southeast LLC | Store No. 518073 – 710 N. Brindlee Mountain Parkway, Arab, AL | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Kola LLC | Tasty Chick'n Southeast LLC | Store No. 518075 – 626 Atlantic Blvd., Neptune Beach FL 32266 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| KT Trumann, LLC | Tasty Chick'n Southeast LLC | Store No. 518084 – 504 Hwy 63, Trumann, AR 72472 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Lexington Walker, LLC | Tasty Chick'n Southeast LLC | Store No. 518148 – 100 Walker Street, Lexington, VA 24450 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| M Larue Kohl Testamentary Family Trust | Tasty Chick'n Southeast LLC | Store No. 518074 – 1301 Highway 31 North, Hartselle, AL | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Magnolia 2456, LLC | Tasty Chick'n Midwest LLC | Store No. 518080 – 2456 E. Magnolia Street, Knoxville, TN 37917 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Marketplace 20, LLC | Tasty Chick'n Southeast LLC | Store No. 518102 – 393 Tanglewood Blvd., Orange Park, FL 32065 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| MJ Homes and Splitrock Properties LLC | Tasty Chick'n Southeast LLC | Store No. 518050 – 403 Hwy 71N, Mena, AR | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Murray Chestnut Holdings, LLC | Tasty Chick'n Midwest LLC | Store No. 518100 – 1104 Chestnut Street, Murray, KY 42071 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Midwest LLC | Store No. 518009 – 1204 N. Douglas, Malden, MO 63863 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Southeast LLC | Store No. 518011 – 400 N Missouri St West Memphis AR | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Midwest LLC | Store No. 518014 – 2785 Lamar Ave, Memphis TN 38114 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Midwest LLC | Store No. 518015 – 200 N. Danny Thomas Blvd., Memphis, TN 38105 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Midwest LLC | Store No. 518020 – 727 S Highland Street, Memphis, TN 38111 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Midwest LLC | Store No. 518022 – 3995 S Third St., Memphis, TN 38109 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Midwest LLC | Store No. 518027 – 3144 S Third Street, Memphis, TN | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Midwest LLC | Store No. 518030 – 2055 Frayser Blvd., Memphis, TN 38127 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Midwest LLC | Store No. 518031 – 3745 E Shelby Dr., Memphis, TN 38116 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Southeast LLC | Store No. 518045 – 205 S. Davis Avenue, U.S. Highway 61, S., Cleveland, MS 38732 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| NNN REIT, LP | Tasty Chick'n Southeast LLC | Store No. 518046 – 450 N Jackson St. Houston, MS | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Southeast LLC | Store No. 518047 – 413 Interchange Dr, Fulton, MS | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Southeast LLC | Store No. 518049 – 2017 N Hazel, Hope, AR 71801 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Southeast LLC | Store No. 518051 – 320 S. Main, Nashville, AR | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Southeast LLC | Store No. 518052 – 603 E Collin Raye Drive, De Queen, AR 71832 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Southeast LLC | Store No. 518085 – 2007 N Washington St, Forrest City, AR | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| NNN REIT, LP | Tasty Chick'n Southeast LLC | Store No. 518086 – 789 N Sebastian, West Helena, AR 72390 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| RADAR QSR NASHVILLE, LLC | Tasty Chick'n Midwest LLC | Store No. 518124 – 2634 Murfreesboro Pike, Nashville, TN 37217 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| RADAR QSR NASHVILLE, LLC | Tasty Chick'n Midwest LLC | Store No. 518133 – 336 Harding Place, Nashville, TN 37211 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Samuel Abrahami | Tasty Chick'n Midwest LLC | Store No. 518021 – 6262 Winchester Rd, Memphis, TN | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Shamar and Kumar Joint Venture | Tasty Chick'n Midwest LLC | Store No. 518013 – 1699 Union Ave., Memphis, TN 38104 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Shawn G. Bourdet | Tasty Chick'n Southeast LLC | Store No. 518159 – 1307 W. Jefferson St., Quincy, FL 32351 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| Singh Haimer Trust | Tasty Chick'n Midwest LLC | Store No. 518131 – 4400 S US Hwy 41, Terre Haute IN 47802 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Splitrock Properties, LLC | Tasty Chick'n Southeast LLC | Store No. 518083 – 1001 W. Keiser, Osceola, AR 72370 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Suhl's, LLC | Tasty Chick'n Midwest LLC | Store No. 518055 – 2725 Jackson Street, Paducah, KY 42003 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Sunset Capital Real Estate LLC | Tasty Chick'n Midwest LLC | Store No. 518035 – 4200 Chapman Hwy, Knoxville, TN 37920 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| TFI, LLC | Tasty Chick'n Midwest LLC | Store No. 518002 – 1195 E Vienna, Anna, IL 62906 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| TFI, LLC | Tasty Chick'n Southeast LLC; Tasty Chick'n Midwest LLC | Store No. 518004 – 515 Walnut Street, Murphysboro, IL 62966 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| TFI, LLC | Tasty Chick'n Southeast LLC | Store No. 518059 – 7276 103rd St, Jacksonville, FL 32210 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| The Condos 4B @ North Fifth, LLC | Tasty Chick'n Midwest LLC | Store No. 518054 – 2800 Lone Oak Rd, Paducah, KY 42003 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| The Pasini Wood Trust | Tasty Chick'n Midwest LLC | Store No. 518010 – 415 Independence Avenue, Kennett, MO 63857 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Thomas P. Lyons and Faith B. Lyons | Tasty Chick'n Midwest LLC | Store No. 518129 – 1408 W Main Street, Robinson, IL | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| United Hauter Enterprises, LLC | Tasty Chick'n Southeast LLC | Parking Lot Lease – Store No. 518083 – 1001 W. Keiser Ave., Osceola, AR 72370 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| Victoria Arwen Vanransom, as trustee of the Victoria Arwen Vanransom Living Trust | Tasty Chick'n Southeast LLC | Store No. 518096 – 15045 HWY 43, Russellville, AL 35653 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Vineet Anand Atul Anand & Saurabh Anand | Tasty Chick'n Midwest LLC | Store No. 518038 – 4415 Western Ave, Knoxville, TN | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| VRE Tasty 7 Pack, LLC | Tasty Chick'n Midwest LLC | Store No. 518120 – 812 Mammoth Cave Street, Cave City, KY 42127 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| Wiedemann Ranch, Inc. | Tasty Chick'n Southeast LLC | Store No. 518158 – 1290 Armory Drive, Franklin, VA 23851 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| William A Fawcett and Judith A Fawcett | Tasty Chick'n Midwest LLC | Store No. 518110 – 3212 Leitchfield Road, Owensboro, KY 42303 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |
| WRE Clinton Hwy, LLC | Tasty Chick'n Midwest LLC | Store No. 518040 – 6711 Clinton Highway, Knoxville, TN 37912 | All personal property remaining on the premises other than specifically noted in the Motion | 11/16/2026 |

# **Exhibit 2**

## Rejected Agreements

| Debtor Counterparty | Rejection Counterparty | Description of Agreement | Rejection Date |
|---|---|---|---|
| Tasty Chick'n Midwest LLC | KFC US, LLC AND/OR KFC CORPORATION 1900 COLONEL SANDERS LANE LOUISVILLE, KY 40213 | 518025 - 2256 Lamar Ave., Memphis, TN – Franchise Agreement | 11/16/2026 |
| Tasty Chick'n Midwest LLC | KFC US, LLC AND/OR KFC CORPORATION 1900 COLONEL SANDERS LANE LOUISVILLE, KY 40213 | 518120 - 812 Mammoth Cave Street, Cave City, KY - Franchise Agreement | 11/16/2026 |
| Tasty Chick'n Southeast LLC | KFC US, LLC AND/OR KFC CORPORATION 1900 COLONEL SANDERS LANE LOUISVILLE, KY 40213 | 518049 - 2017 North Hazel, Hope, AR – Franchise Agreement | 11/16/2026 |
| Tasty Chick'n Midwest LLC | KFC US, LLC AND/OR KFC CORPORATION 1900 COLONEL SANDERS LANE LOUISVILLE, KY 40213 | 518111 - 197 Madison Square Drive, Madisonville, KY - Franchise Agreement | 11/16/2026 |
| Tasty Chick'n Midwest LLC | KFC US, LLC AND/OR KFC CORPORATION 1900 COLONEL SANDERS LANE LOUISVILLE, KY 40213 | 518015 - 200 N. Danny Thomas Blvd., Memphis, TN - Franchise Agreement | 11/16/2026 |
| Tasty Chick'n Southeast LLC | KFC US, LLC AND/OR KFC CORPORATION 1900 COLONEL SANDERS LANE LOUISVILLE, KY 40213 | 518083 - 1001 W. Keiser, Osceola, AR – Franchise Agreement | 11/16/2026 |
| Tasty Chick'n Midwest LLC | KFC US, LLC AND/OR KFC CORPORATION 1900 COLONEL SANDERS LANE LOUISVILLE, KY 40213 | 518013 - 1699 Union Ave., Memphis, TN – Franchise Agreement | 11/16/2026 |
| Tasty Chick'n Midwest LLC | KFC US, LLC AND/OR KFC CORPORATION 1900 COLONEL SANDERS LANE LOUISVILLE, KY 40213 | 518135 - 120 South L. Roger Wells Blvd., Glasgow, KY - Franchise Agreement | 11/16/2026 |
| Tasty Chick'n Southeast LLC | KFC US, LLC AND/OR KFC CORPORATION 1900 COLONEL SANDERS LANE LOUISVILLE, KY 40213 | 518152 - 3401 Orange Avenue, Roanoke, VA - Franchise Agreement | 11/16/2026 |